

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,870-01

**EX PARTE HAROLD L. GRAVES, JR., Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-297-W012075-1338568-A IN THE 297TH DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam.* YEARY and SLAUGHTER, JJ., dissented.

### O P I N I O N

Applicant was convicted of murder and sentenced to 37 years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Graves v. State,* 452 S.W.3d 907 (Tex. App.–Texarkana 2014). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because counsel failed to investigate and interview witnesses before trial and failed to consult with an expert in preparing for trial. Additionally, Applicant contends that counsel did not properly object to or effectively question a

witness or request a limiting instruction when that witness raised extraneous offenses.[1]  Based on the record, the trial court has determined that trial counsel's performance was deficient and that Applicant was prejudiced.

Relief is granted.  *Strickland v. Washington*, 466 U.S. 668 (1984).  The judgment in cause number 1338568R in the 297th District Court of Tarrant County is set aside, and Applicant is remanded to the custody of the Sheriff of Tarrant County to answer the charges as set out in the indictment.  The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:     JUNE 28, 2023
Do not publish

---

[1] Applicant also contends that trial counsel failed to raise evidence of sudden passion and request a sudden passion instruction at the punishment phase. Because we are granting a new trial, this contention is moot.